IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RICHARD NICHOLS                                                              PLAINTIFF
ADC #112196

v.                              No: 4:24-cv-00853-BSM-PSH

MIKE KONADLE, *et al.*                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Richard Nichols, a pre-trial detainee incarcerated at the Dallas County Detention Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on October 9, 2024 (Doc. No. 2) along with an application for leave to proceed *in forma pauperis* ("IFP") (Doc. No. 1). Nichols was granted leave to proceed *in forma pauperis* ("IFP") and directed to file an amended complaint to clarify his claims

(Doc. No. 3). He was cautioned that an amended complaint would render his original complaint without legal effect and that only claims properly set out in the amended complaint would be allowed to proceed. *Id.* Nichols subsequently filed an amended complaint (Doc. No. 5). The Court has screened Nichols' amended complaint and recommends that his claims be dismissed for failure to state a claim upon which relief may be granted, as further described below.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim for relief that is

plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted). Additionally, the law is clear that *respondeat superior* is not a recognized basis for § 1983 liability. *See Keeper v. King*, 130 F.3d 1309 (8th Cir. 1997). To state a cognizable claim against a defendant in a supervisory role, an inmate must allege that the defendant was personally involved in the constitutional violation or became aware of the constitutional violation and, with deliberate indifference, failed to take corrective action. *See, e.g., Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993).

After Nichols filed his complaint, the Court afforded him an opportunity to amend his complaint because the Court needed more information to screen it. Doc. No. 3 at 4. In that order, the Court stated:

> . . . Nichols must specifically describe how ***each*** named defendant was personally involved in the alleged violation of his constitutional rights. He should also explain why he sues them in their individual and/or official capacities. Nichols may not rely on attached documentation to describe his claims.
>
> Additionally, Nichols must describe only one factually related incident or issue if he sues more than one defendant. Under Fed. R. Civ. P. 18, a plaintiff may bring multiple claims, related or not, against a single defendant. To proceed against multiple defendants, plaintiff must satisfy Fed. R. Civ. P. 20, which allows claims against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants.

*Id.* Nichols filed an amended complaint following receipt of this order. In his amended complaint, Nichols names Sheriff Mike Konadle and Jail Administrator Kather Shuler as defendants. Doc. No. 5 at 1. He alleges that he was strip searched by female jailers on August 2, 2024, and September 3, 2024. *Id.* at 4. He identifies officers Mallory Ledbetter and Brieann Estes and two others after this allegation, but it is not entirely clear if these are the officers that allegedly strip searched him. *Id.* Nichols further alleges that he did not have sufficient outdoor recreation, that he had no hot meals, and that his blanket had not been washed in three months. *Id.* He additionally claims that certain administrative rules were not followed. *Id.*

Despite the Court's instructions, Nichols failed to clarify in his amended complaint how each named defendant was involved in the violations he alleges. He does not describe any specific involvement on the part of the named defendants, Sheriff Konadle and Jail Administrator Shuler, or how these defendants became aware of any alleged violations but failed to remedy them. And he does not clearly describe how any other mentioned officer violated his rights.

Additionally, Nichols does not state sufficient facts to state a viable claim based on strip searches. A strip search by officers of the opposite sex does not necessarily violate the constitutional rights of prisoners or pre-trial detainees. Rather, prisoners have limited Fourth Amendment rights to privacy in prison. *See Hudson v. Palmer,* 468 U.S. 517, 527-28 (1984); *Bell v. Wolfish,* 441 U.S. 520, 537 (1979) ("Loss of freedom of choice and privacy are inherent incidents of confinement."); *Timm v. Gunter*, 917 F.2d 1093, 1102 (8th Cir. 1990) ("Whatever minimal intrusions on an inmate's privacy may result from [surveillance by officers of the opposite sex], whether the inmate is using the bathroom, showering, or sleeping in the nude, are outweighed by institutional concerns for safety and equal employment opportunities [for male and female guards].").

Furthermore, although Nichols complains about some conditions of his confinement, such as inadequate recreation time, a lack of hot meals, and an unwashed blanket, these conclusory allegations are insufficient to show that he has

been denied the "minimal civilized measure of life's necessities." *See Farmer v. Brennan,* 511 U.S. 825, 834 (1970) (To prevail on an Eighth Amendment conditions of confinement claim, a prisoner must show (1) the alleged deprivation was, "objectively, sufficiently serious," and resulted "in the denial of the minimal civilized measure of life's necessities," and (2) prison officials were deliberately indifferent to "an excessive risk to inmate health or safety.").

Finally, Nichols' implication that certain administrative rules were not followed does not state a cognizable constitutional claim. *See Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003) (Prisoners do not have a federally protected due process right to require prison officials to comply with internal rules or procedures).

For these reasons, Nichols' claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### III.  Conclusion

For the reasons stated herein, it is recommended that:

1. Nichols's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted; and

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in

good faith.

IT IS SO RECOMMENDED this 24th day of February, 2025.

_____
UNITED STATES MAGISTRATE JUDGE